UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MASSMAN CONSTRUCTION CO., ) <br> TRAYLOR BROS., INC., ALBERICI ) <br> CONSTRUCTORS, INC., AND MASSMAN, ) <br> TRAYLOR, ALBERICI ) <br> A Joint Venture, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AMERISURE MUTUAL INSURANCE ) <br> COMPANY, and M.T.C. CONSTRUCTION ) <br> INC. d/b/a K BATES STEEL SERVICES, ) <br> ) <br> Defendants. ) | Cause No.: <br><br> Circuit Court of the City of <br> St. Louis Case No.: 1522-CC10351 <br><br> **Jury Trial Demanded** |

**NOTICE OF REMOVAL**

Defendant Amerisure Mutual Insurance Company ("Amerisure"), for its Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division, under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, states:

A. **Complete diversity exists between the parties to the controversy at issue in this litigation.**

1. On August 11, 2015, Plaintiffs Massman Construction, Traylor Bros., Inc., Alberici Constructors, Inc., and Massman, Traylor, Alberici, a Joint Venture (collectively "Plaintiffs") filed a Petition in the Circuit Court of the City of St. Louis, Cause No. 1522-CC10351 (Mo. Cir. Ct., St. Louis City).

2. Plaintiffs bring claims for breach of contract and vexatious refusal to pay against Amerisure, seeking compensatory and statutory damages and a declaration of the rights and obligations of Amerisure under a Commercial General Liability policy ("CGL Policy") it issued to its insured M.T.C. Construction, Inc., d/b/a/ Bates Steel Services ("MTC"). (Pet., ¶¶ 28-40.)

3. The breach of contract action arises out of an underlying personal injury lawsuit prosecuted by Jennifer Seyler against Plaintiffs and MTC in the Circuit Court of the City of St. Louis, Missouri ("underlying litigation"). (Petition, ¶¶ 13-27.) The underlying litigation is currently pending. Amerisure is not a party to the underlying litigation.

4. Plaintiffs brought this action seeking attorney's fees and expenses incurred in the underlying litigation, and for amounts spent in satisfaction of any settlement of judgment in the underlying litigation, as well as for statutory damages for vexatious refusal to afford Plaintiffs a defense in the underlying litigation. (Petition, ¶ 33.)

5. Plaintiffs seek this relief on the basis that they qualify as "additional insureds" under MTC's CGL Policy. Specifically, Plaintiffs allege that they subcontracted certain work to MTC, and that pursuant to this subcontract, MTC agreed to hold Plaintiffs harmless for any liability incurred and to procure and maintain insurance naming Plaintiffs as additional insureds for purposes of the subcontract. (Petition, ¶¶ 9-12.)

6. Plaintiffs also seek the same relief against MTC for its alleged breach of its subcontract agreeing to hold Plaintiffs harmless. While the subcontract requires indemnification beyond the policy limits, the Plaintiffs' claim in the underlying action against

2

MTC is limited to the coverage and limits available under the CGL Policy, as required by Mo. Rev. Stat. § 434.100.2(8). (Petition, ¶¶ 41-46.)

7. As a result, MTC is a nominal party that provides no impediment to the removal as it need not be considered for purposes of determining diversity jurisdiction. *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833–34 (8th Cir. 2002); *Monroe v. Roedder*, 583 F.Supp.2d 1031 (E.D. Mo. 2008).

8. This Notice of Removal has been filed within thirty days of Amerisure's receipt of a copy of Plaintiffs' Petition setting forth the claims for relief upon which this action is based; therefore, this Notice of Removal has been timely filed under 28 U.S.C. §§ 1441 and 1446.

9. Absent MTC, the controversy in this lawsuit is between citizens of different states:

    (a) Massman Construction Co., at the time this action commenced, is a Missouri corporation with its principal place of business located in Missouri. (Exhibit 1, Massman Biennial Registration Report.)

    (b) Traylor Bros., Inc., at the time this action commenced, is a Missouri corporation with its principal place of business located in Indiana. (Exhibit 2, Traylor Annual Registration Report.)

    (c) Alberici Constructors, Inc., at the time this action commenced, is a Missouri corporation with its principal place of business located in Missouri. (Exhibit 3, Alberici Biennial Registration Report.)

(d) Massman, Traylor, and Alberici is a Joint Venture, registered in Missouri, consisting of the above named corporations.

(e) Amerisure, at the time this action commenced, and ever since, was and is a corporation organized and existing under the laws of Michigan, and therefore a citizen of the State of Michigan, with its principal place of business in the State of Michigan.

10. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Plaintiffs seek the costs of defense and indemnification for any potential judgment in the underlying litigation from the CGL Policy. In the underlying action, MTA filed limitations proceeding in this Court and obtained an order limiting its liability in the underlying action to $275,000. (Exhibit 4, July 25, 2014 Order.) Plaintiffs allege coverage under the CGL Policy for bodily injury and property damage. (Pet., ¶ 18.) The CGL Policy contains an each occurrence limit of liability of $1,000,000 and an aggregate limit of liability of $2,000,000, with an additional $2,000,000 limit of liability for product-completed operations claims.

11. Because complete diversity of citizenship exists between Plaintiffs and Amerisure, and because the amount in controversy in this action exceeds the sum of $75,000.00, removal to this Court is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

B.  **MTC should be realigned as a Plaintiff to this action for purposes of determining federal jurisdiction.**

12. To the extent the Court does not deem MTC to be a nominal party, its presence in this litigation need not defeat federal jurisdiction.

13. The designation of parties as plaintiff or defendant in the pleadings is not controlling in determining jurisdiction. For purposes of testing the jurisdiction of a federal court on the basis of diversity of citizenship, it is immaterial how the parties may have been designated in the pleadings, since the court must align them for jurisdictional purposes on the basis of their actual legal interests and the apparent results to them if the object sought to be accomplished by the litigation is successful. *Dryden v. Dryden*, 265 F.2d 870, 873 (8th Cir. 1959) (*citing Thompson v. Butler*, 136 F.2d 644 (8th Cir. 1943)).

14. The issue in controversy between Plaintiffs and MTC is whether MTC breached its subcontract with Plaintiffs by failing to indemnify, defend, and hold them harmless in the underlying litigation. (Pet., ¶¶ 41-46.)

15. However, by law, construction contracts that include an agreement to hold harmless or indemnify for negligence are void and unenforceable unless the agreement also requires the indemnifying party to obtain insurance to insure the indemnity obligation, and that the indemnity obligation be limited to the coverage and limits of that insurance. MO. REV. STAT. §§ 434.100.1; 434.100.2(8).

16. Plaintiffs allege that their subcontract with MTC required that MTC maintain insurance for MTC's indemnity obligations, that MTC satisfied that obligation by adding

5

Plaintiffs as additional insureds to the CGL Policy, that MTC has confirmed its contractual obligation to indemnify Plaintiffs, but that Amerisure ultimately denied coverage under the CGL Policy.  (Pet., ¶ 9-11, 19-24.)

17. Plaintiffs' Petition also requests that any recovery against MTC be limited to the amount permitted by § 434.100.2(8).

18. Therefore, while Plaintiffs bring a claim for breach of contract against MTC, any alleged breach is based solely on Amerisure's denial of coverage, and any potential recovery would be limited solely to the CGL Policy.

19. Accordingly, realignment is proper in this case to reflect the common interests and lack of adversity between Plaintiffs and MTC for purposes of determining federal jurisdiction.

20. If MTC is considered a Plaintiff for purposes of determining federal jurisdiction, the controversy in this lawsuit is wholly between citizens of different states and the amount in controversy exceeds $75,000:

   (a) MTC, at the time this action commenced, is a Missouri corporation with its principal places of business located in Missouri.  (Exhibit 5, MTC Annual Registration Report.)

   (b) Plaintiffs, as described above, are Missouri corporations, two of whom have principal places of business located in Missouri, and one of whom has a principal place of business located in Indiana.

    (c)    Amerisure is a Michigan corporation with its principal place of business in the State of Michigan.

    (d)    As described above, the proceeds of the CGL Policy at issue is a maximum of $2,000,000.

21.    Therefore, removal to this Court is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### C.    Removal to this Court is proper because the case involves a federal question.

22.    This action seeks a declaration of insurance coverage available to satisfy a claim under the Jones Act.  (Petition, ¶ 25(b).)

23.    Federal courts have jurisdiction under 28 U.S.C. § 1331 over claims that arise under federal law.

24.    Jones Act claims arise under 46 U.S.C. § 688 *et seq.*, and are subject to federal jurisdiction under Section 1331.  *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959).

25.    Therefore, removal to this Court is proper under 28 U.S.C. § 1331.

27.    Amerisure attaches to this Notice of Removal, a copy of all process and pleadings served upon Defendant.

WHEREFORE, Defendant Amerisure Mutual Insurance Company respectfully requests this Court to accept jurisdiction of this action.

Respectfully submitted,

*/s/ Teresa M. Young*

Elaine M. Moss          #44674MO
emoss@bjpc.com
Teresa M. Young         #53427MO
tyoung@bjpc.com
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400
(314) 421-3128 – Fax

Attorneys for Defendant Amerisure Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system and by United States Mail, postage prepaid, on September 17, 2015, on the counsel of record listed below.

Mr. Theodore H. Lucas
Mr. Jeremy T. Staley
Fox Galvin, LLC
One South Memorial Drive
12th Floor
St. Louis, MO 63102

*Attorney for Plaintiffs*

*/s/ Teresa M. Young*

#12535078

8